# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU Investments LLC doing business as Brazos Licensing and Development, § § § § | |
| Plaintiffs, § | Civil Action No. 6:20-cv-00952-ADA |
| § | Civil Action No. 6:20-cv-00953-ADA |
| § | Civil Action No. 6:20-cv-00956-ADA |
| v. § | Civil Action No. 6:20-cv-00957-ADA |
| § | Civil Action No. 6:20-cv-00958-ADA |
| OnePlus Technology (Shenzhen) Co., Ltd., § § | |
| Defendant. § | Jury Trial Demanded |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION**

I.      **INTRODUCTION**

The pending motion presents a straightforward civil procedure question: "Does this case "occasion" transmission of documents abroad, triggering Plaintiff WSOU's mandatory compliance with the Hague Convention?" Binding Fifth Circuit authority establishes the rule that the Hague Convention[1] is triggered if the forum-state's long-arm statute requires service abroad. *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 536-37 (5th Cir. 1990). Here, the Texas long-arm statute, Tex. Civ. Prac. & Rem. Code Ann. §§ 17.043 *et seq.*, contains such a mandate. As a result, WSOU is required to comply with the Hague Convention. Because it has not done so, service of process in this case is defective.

WSOU does not challenge this analysis, conceding that compliance with the Hague Convention is mandatory unless there are wholly-domestic ***"alternative means of service that comport with the rules***." Opp. at 7 (emphasis added). But WSOU does not attempt to show how the Texas long-arm statute allows for service in this case without mailing process abroad. Nor does WSOU address the clear rule that such a foreign service requirement triggers the Hague Convention. Instead, WSOU refers to inapposite cases dealing with the substantial reach (as opposed to the procedural requirements) of the Texas long-arm statute, or other issues tangential to the controlling statutory analysis.

WSOU should not be permitted to circumvent the service obligations mandated by an international treaty. This case should be dismissed.

---

[1] Throughout this brief, unless otherwise noted, the "Hague Convention" refers to the "Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters," Nov. 15 1965, 20 U.S.T. 361

II.   **ARGUMENT**

    A.   WSOU Misconstrues The Texas Long-Arm Statute

WSOU does not dispute that the Hague Convention is a binding, ratified treaty that "***shall apply in all cases*** … where there is occasion to transmit a judicial or extrajudicial document for service abroad." Mot. at 2-3 *citing* 20 U.S.T. 361.  Likewise, WSOU does not dispute, and in fact concedes, that the binding Fifth Circuit authority in this case, *Sheets*, holds that to determine if the Hague Convention applies "courts are to look to the method of service prescribed by the internal law of the forum state." 891 F.2d at 537; *see* Mot. at 3-4; Opp. at 7.

But instead of looking at ***how*** service is made, that is, "the method of service prescribed by the internal law of the forum state," WSOU has looked at ***who*** can be served and whether Texas allows courts to exercise personal jurisdiction over out of state defendants. Opp. at 5 (explaining that "the Texas long-arm statute [] reach[es] as far as the federal constitutional requirements of due process will allow") (internal quotes omitted).  This is the wrong inquiry.

The question at issue is not the theoretical scope of Texas' extraterritorial jurisdiction, but whether its procedural requirements mandate service abroad.[2]  As already explained (Mot. at 4), whether foreign service would be effected by serving the person in charge of the defendant's in-state business (Tex. Civ. Prac. & Rem. Code Ann. § 17.043), or via the secretary of state (*id.* § 17.044), the statute still requires that process be mailed to the defendant (*id.* § 17.045).  Texas courts (and federal courts within the state) are clear that compliance with these procedural mandates cannot be bypassed. *Sang Young Kim v. Frank Mohn A/S*, 909 F. Supp. 474, 479-80 (S.D. Tex. 1995) ("Texas courts strictly construe the long-arm statute, and consistently conclude

---

[2] *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (Opp. at 5) speaks to the constitutional due process limits, not procedural requirements, for service of process.  But both the substantive due process limits and procedural mandates for service must be observed.  Mot. at 2 *citing Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

that failure to strictly comply with the statute by forwarding a copy of the process to the nonresident defendant as required by section 17.045 deprives the court of jurisdiction over the defendant") (citing *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94 (Tex. 1974)).

WSOU's only response to OnePlus Shenzhen's showing that the Texas long-arm statute requires mailing documents abroad is a conclusory three-word argument: "OnePlus is wrong." Opp. at 8.  But WSOU identifies no actual flaws in OnePlus Shenzhen's analysis.  WSOU never explains how service could be effected via the Texas long-arm statute without mailing documents abroad.  Nor does WSOU cite any on-point authority supporting its position.

In *Terrestrial Comms. LLC v. NEC Corp.*, cited by WSOU, the defendant focused on prudential concerns in authorizing alternative service under Rule 4 without addressing the requirements for service under the Texas long-arm statute. *Terrestrial Comms LLC v. NEC orp. and NEC Corp. of Am.*, C.A. No. 6:19-cv-00597-ADA, ECF No. 21 ("NEC Corporation's Opposition to Plaintiff's Motion for Leave to Effect Alternative Service on Defendant NEC Corporation") (W.D. Tex. Apr. 29, 2020).[3]

Similarly, *ZTE*—a decision underpinning *Terrestrial Comms,* and another case cited by WSOU—did not analyze the procedural requirements of the Texas long-arm statue, because the plaintiff had already "attempt[ed] to serve ZTE Corporation in China ***in accordance with the Hague Convention***" over six months earlier.  *Fundamental Innovation Sys. Int'l, LLC v. ZTE Corp.*, No. 3:17-cv-01827-N, 2018 WL 3330022, at *3 (N.D. Tex. Mar. 16, 2018).

---

[3] Identical arguments were made in the companion case, Case No. 6:20-CV-00096-ADA. Likewise, the defendant in *Affinity Labs* did not analyze the Texas Long-Arm statute. Case No. 6:13-cv-00369-JCM, ECF No. 52 ("Nissan North America Inc.'s Opposition to Affinity Lab's Motion for Alternative Service of Process on Nissan Motor Co. Under Fed. R. Civ. P. 4(f)(3)") (W.D. Tex. May 15, 2014).  WSOU is also incorrect in suggesting that these unpublished district court cases are "binding decisions." Opp. at 10.

Courts that have analyzed the Texas long-arm statute have concluded that it does require service of documents abroad and triggers the requirements of the Hague Convention. Mot. at 4 (*citing Bayoil Supply & Trading of Bahamas v. Jorgen Jahre Shipping AS*, 54 F. Supp. 2d 691, 693 (S.D. Tex. 1999) ("Because Defendant is a foreign resident, notice must be mailed abroad, triggering the requirements of the Hague Convention."); *see also Traxcell Techs., LLC v. Nokia Sols. & Networks US LLC*, No. 218CV00412RWSRSP, 2019 WL 8137134, at *3 (E.D. Tex. Oct. 22, 2019) (analyzing § 17.045(a) and concluding "[b]ecause substituted service on the Texas Secretary of State for a nonresident defendant requires the transmittal of judicial documents abroad, the Hague Convention is implicated"); *Macrosolve, Inc. v. Antenna Software, Inc.*, No. 6:11-CV-287, 2012 WL 12903085, at *2 (E.D. Tex. Mar. 16, 2012) (same); *Sang Young Kim v. Frank Mohn A/S*, 909 F. Supp. 474, 479-80 (S.D. Tex. 1995) (analyzing both §§17.043 and .045 and concluding that mailing process "is an integral part of the 'service' … [b]ecause the Defendant in this case could be properly served under Texas law only by transmitting judicial documents to the Defendant abroad, the Hague Convention is applicable"); *Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co.*, No. 5:20-CV-141-M-BQ, 2020 WL 6063452, at *4 (N.D. Tex. Oct. 14, 2020) (distinguishing the Illinois long-arm statute analyzed in *Schlunk*).

B.     Rule 4(f)(3) Does Not Provide An Exception To Attempting Hague Service

Instead of addressing the Texas long-arm statute, WSOU imagines that service can be effected domestically—avoiding application of the Hague Convention—through use of Rule 4(f)(3). *See generally* Opp. at 4, 6, 8. These arguments fail for two reasons.

First, WSOU ignores the Fifth Circuit's rule for determining whether compliance with the Hague Convention is required. The Fifth Circuit has explained that to determine whether the treaty is triggered, "courts are to look to the method of service prescribed by the internal law of

4

the forum state." *Sheets,* 891 F.2d at 537.  WSOU cannot circumvent this rule by simply invoking Rule 4(f)(3).

Second, WSOU's approach is at odds with the Federal Rules of Civil Procedure.  The rules do not contemplate or permit alternative service effected entirely domestically under Rule 4(f)(3).  Instead, the rules that govern service on a corporation, like OnePlus Shenzhen, start with Rule 4(h); under that rule, recourse to the methods of service allowed under Rule 4(f) is only available if service is being made "at a place ***not within any judicial district of the United States***." Fed. R. Civ. Proc. 4(h)(2).  When service is attempted "in a judicial district of the United States," as WSOU has done here, a plaintiff is directed to effect service "in the manner prescribed by Rule 4(e)(1)." Fed. R. Civ. Proc. 4(h)(1)(A).[4]  Rule 4(e)(1), in turn, requires compliance with state rules for service, which, as analyzed above, require mailing of documents abroad, and therefore compliance with the Hague Convention.  Further, Rule 4(f) itself similarly provides means for service "at a place not within any judicial district of the United States."  The pending motion cites cases across the nation—including in this district—establishing that Rules 4(f) and 4(e) are exclusive of one another, 4(f) dealing with service effected outside the United States, and 4(e) dealing with service inside the United States.  Mot. at 3-4, fn. 2 (*citing Charles v. Sanchez*, No. EP-13-CV-00193-DCG, 2013 WL 12087219, at *3–4 (W.D. Tex. Aug. 5, 2013)).

As a further example, in *ZTE,* the plaintiff was only able to complete service via US counsel under Rule 4(f)(3) because it had already started effecting service via the Hague Convention half a year earlier.  2018 WL 3330022, at *3.  The Hague Convention itself

---

[4] Rule 4(h)(1)(B) is not applicable here, since OnePlus Shenzhen is not alleged to have "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" in the United States, and in any event, the Texas long-arm statute would still require "mailing a copy [of process] to the defendant."

5

recognizes a domestic court's authority to order alternative methods of service if, after at least six months of diligent efforts to certify service via the Convention, no certificate of service is provided. 20 U.S.T. 361 Art. 15.  Thus, under Rule 4, the service of ZTE was appropriate both because it was consistent with the Hague Convention, and because service was not effected solely in the United States, merely perfected here.  That is not the case here, and the difference is dispositive.

      C.      The Motion To Dismiss Is Procedurally Proper

Attempting to sidestep the law, WSOU launches a collateral attack on the pending motion alleging that it is improper, because OnePlus Shenzhen did not simultaneously seek to moot the previously granted *ex parte* motion for alternative service.  Opp. at 5-6.  This argument fails for three reasons.

First, the Hague Convention is a ratified treaty, binding on the court and the parties; it cannot be mooted or supplanted by court order.  Nor can a court order cure otherwise defective service under the treaty.  Plaintiff's authority does not suggest otherwise: *Happy v. Congress Materials* denied as moot a motion for default judgment, not a motion to dismiss for insufficient service.  *Happy v. Cong. Materials, LLC*, No. SA-14-CA-201, 2014 WL 11321381, at *2 (W.D. Tex. Nov. 12, 2014).  And it is unclear how WSOU believes *Saturn v. Barnett* helps its case; there was no dispute plaintiff effected proper (if not untimely) service.  The court did write that the plaintiff "after several tries, and on this Court's Order, eventually served Williamson County successfully, and the insufficiency of service of process argument is now moot." *Saturn v. Barnett*, No. A-16-CA-505-LY, 2016 WL 7392240, at *6 (W.D. Tex. Dec. 20, 2016), report and recommendation adopted, No. 1:16-CV-00505-LY, 2017 WL 9850919 (W.D. Tex. Jan. 12, 2017).  But the "Court's Order" in *Saturn* was not an order permitting alternative service; rather, it was a court directive that service be made in just over two weeks and that "**[f]ailure to effect**

6

**and file proof of service by this date will result in dismissal of all claims against [defendant] for want of prosecution.**" *Saturn,* No. 1:16-CV-00505-LY ECF No. 25 ("Order") (W.D. Tex. Oct. 11, 2016) (emphasis in original).

Second, OnePlus Shenzhen did request that the pending motion be struck. ECF No. 21-1[5] (Proposed Order) (proposing "that the December 16, 2020 order regarding service is struck").

Third, if the court truly believes that this request for reconsideration should have been styled differently, then the court should simply construe the motion as requesting the appropriate relief. "[N]omenclature is not controlling" and the court should construe a motion "however styled, to be the type proper for the relief requested." *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983); *In re Barrier*, 776 F.2d 1298, 1300 (5th Cir. 1985) (reconstruing a procedurally infeasible motion for a stay as a motion for mandamus). Nor was OnePlus Shenzhen required to bring a (potentially time-barred) Rule 59 motion, as suggested by WSOU. *See* Opp. at 6. Rule 59 governs final *judgments*; the minute-entry WSOU relies on is simply an interlocutory order, and thus resolvable under Rule 60. *See United States v. Jones*, 84 F.3d 432 (5th Cir. 1996) ("motions for reconsideration generally fall under the purview of Fed.R.Civ.P. 60(b).") And because WSOU does not argue that treating this motion to dismiss as a further request for reconsideration in any way effects the outcome, the court should resolve this issue on the merits.

### D. WSOU Fails To Address The Discretionary Considerations of Comity and Fairness

Finally, even if compliance with the Hague Convention could be avoided through application of Rule 4(f)(3), WSOU ignores the rule—from its own line of cases—that "principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow

---

[5] In Case No. 20-cv-952. ECF No. 20-1 in all other cases.

foreign law in its efforts to secure service of process upon defendant.'" *UNM Rainforest Innovations v. D-Link Corp.*, No. 6-20-CV-00143-ADA, 2020 WL 3965015, at *4 (W.D. Tex. July 13, 2020) (*quoting Midmark Corp. v. Janak Healthcare Private Ltd.*, No. 3:14-cv-088, 2014 WL 1764704, at *2 (S.D. Ohio May 1, 2014)); *Terrestrial Comms LLC v. NEC Corp.*, No. 6-20-CV-00096-ADA, 2020 WL 3452989, at *2 (W.D. Tex. June 24, 2020) (same); *see generally* Mot. at 5, 11-12.

Although in the cases above, the courts found the plaintiffs' interests outweighed prudential comity concerns, the prudential concerns here are much more far reaching. WSOU seeks to fundamentally shift the burden of costs (*e.g.*, for translations) and time to foreign defendants, and to undermine the procedural norms applied in the United States and other Hague Convention signatories in dozens, and perhaps soon, hundreds of cases. WSOU has an established practice of seeking an exception to Hague Convention service in most of the cases it files. Indeed, since October 6, 2020, WSOU has requested alternative service under Rule 4(f)(3) in contravention of the Hague Convention in 26 out of 46 cases. ECF 21-6[6] (Chiaviello Decl. Ex. 5). WSOU does not even dispute that it is attempting to fundamentally change how courts handle service of process on foreign defendants. Opp. at 10.

This Court should take a broader view of the policy implications underlying this motion. Foreign tribunals will be less likely to afford U.S. companies and citizens the benefits and protections of the Hague Convention on service—or the six other Hague conventions to which the United States is a contracting party[7]—if courts in the United States routinely decline to afford convention protections to foreign companies sued here.

---

[6] In Case No. 20-cv-952.  ECF No. 20-6 in all other cases.
[7] Including, for example, conventions "on the Taking of Evidence Abroad in Civil or Commercial Matters," "on the Civil Aspects of International Child Abduction," "on the

8

This Court should reject WSOU's efforts to undermine the application of the Hague Convention in U.S. courts and should dismiss this case for improper service of process.

III.  **CONCLUSION**

For the foregoing reasons, OnePlus Shenzhen's motion to dismiss for insufficient service of process and lack of personal jurisdiction should be granted.

Dated: March 19, 2021

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Michael J. Lyons*
Michael J. Lyons (*admitted pro hac vice*)
michael.lyons@morganlewis.com
Ahren C. Hsu-Hoffman, Bar No. 24053269
ahren.hsu-hoffman@morganlewis.com
Jacob J.O. Minne (*admitted pro hac vice*)
jacob.minne@morganlewis.com
1400 Page Mill Road
Palo Alto, CA  94304
Telephone: +1.650.843.4000
Facsimile:  +1.650.843.4001

Elizabeth M. Chiaviello, Bar No. 24088913
elizabeth.chiaviello@morganlewis.com
1717 Main Street, Suite 3200
Dallas, TX  75201-7347
Telephone: +1.214.466.4000
Facsimile:  +1.214.466.4001

***Attorneys for Defendant***
***OnePlus Technology (Shenzhen) Co., Ltd.***

---

Protection of Children and Co-operation in Respect of Intercountry Adoption," and "on the International Recovery of Child Support and Other Forms of Family Maintenance."

9

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on March 19, 2021, a true and correct copy of the foregoing document was electronically filed via the Court's CM/ECF system per Local Rule CV-5, which will send a notification of electric filing to all counsel of record who have appeared in this case.

*/s/ Michael J. Lyons*
Michael J. Lyons