IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>         Plaintiff,<br><br>     v.<br><br>ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD.,<br><br>         Defendant. | CIVIL ACTION 6:20-cv-00952-ADA<br>CIVIL ACTION 6:20-cv-00953-ADA<br>CIVIL ACTION 6:20-cv-00956-ADA<br>CIVIL ACTION 6:20-cv-00957-ADA<br>CIVIL ACTION 6:20-cv-00958-ADA<br><br>JURY TRIAL DEMANDED |

**JOINT CLAIM CONSTRUCTION STATEMENT**

Pursuant to the Court's Scheduling Order filed in the above-captioned cases (*see*, *e.g.*, Case No. 6:20-cv-00952 at Dkt. 25; Case No. 6:20-cv-00953 at Dkt. 24; Case No. 6:20-cv-00956 at Dkt. 24; Case No. 6:20-cv-00957 at Dkt. 24; Case No. 6:20-cv-00958 at Dkt. 24), the parties hereby provide the following Joint Claim Construction Statement for the terms, phrases, and clauses appearing in the asserted claims of U.S. Patent Nos. 8,149,776, 8,767,614, 7,477,876, 8,712,708 and 9,231,746.

I.   **AGREED CONSTRUCTIONS**

   A.   **"Group 2" Patents (C.A. Nos. 6:20-cv-00957, -00958)**

| U.S. Patent No. 9,231,746 |||
|---|---|---|
| Claim(s) | Claim Term | Agreed Construction |
| 1, 2, 3, 11 | "assigning" / "assigned" [proposed by Defendant] | "designating" / "designated." |

## II.     LIST OF DISPUTED TERMS FOR CONSTRUCTION

The Parties provide the following list of disputed terms for construction, in the order they are addressed in the Parties' claim construction briefing.

A. "Group 1" Patents (C.A. Nos. 6:20-cv-00952, -00953, -00956)

| U.S. Patent No. 8,149,776 | | | |
|---|---|---|---|

| Claim(s) | Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|---|
| 1, 10 | "[transmitter] attempting access to a wireless network" (Claim 1) / "transmitter configured to attempt access to a wireless network..." (Claim 10)<br><br>[proposed by Defendant] | Plain and ordinary meaning. This claim should not be construed under 35 U.S.C. § 112, ¶ 6, nor is it indefinite. | This claim should be construed under 35 U.S.C. 112, ¶ 6.<br>Function: attempting access to a wireless network by sending on a random access channel at a first transmit power a first preamble comprising a signature sequence and by randomly selecting the signature sequence from a set of signature sequences<br>Structure: none disclosed.<br><br>The claim is indefinite. |
| 10, 11, 12, 14, 15, 16, 18, 19 | "processor"<br><br>[proposed by Defendant] | Plain and ordinary meaning. This claim should not be construed under 35 U.S.C. § 112, ¶ 6, nor is it indefinite. | This claim should be construed under 35 U.S.C. 112, ¶ 6.<br>Function: determining that access attempts are unsuccessful<br>Structure: none disclosed.<br><br>The claim is indefinite. |
| 19 | "program of instructions"<br><br>[proposed by Defendant] | Plain and ordinary meaning. This claim should not be construed under 35 U.S.C. 112, ¶ 6, nor is it indefinite. | Preamble limiting; This claim should be construed under 35 U.S.C. 112, ¶ 6.<br>Function: attempting access to a wireless network by sending a signature sequence on a random access channel<br>Structure: none disclosed.<br><br>The claim is indefinite. |

|  | U.S. Patent No. 8,767, 614 |
|---|---|---|---|
| **Claim(s)** | **Claim Term** | **Plaintiff's Proposed Construction** | **Defendant's Proposed Construction** |
| 6, 13 | "means for causing sending of a buffer information report to a system station" (Claim 6) "at least one processor; and at least one memory including computer program code the at least one memory and the computer program code configured to, with the at least one processor, cause the apparatus ... sending of a buffer information report to a system station" (Claim 13).<br><br>[proposed by Defendant] | These terms are not indefinite. No construction necessary – plain and ordinary meaning.<br>Claim 13 should not be construed under 35 U.S.C. § 112, ¶ 6. To the extent the Court treats the terms as means-plus-function:<br><u>Function</u>: "for causing sending of a buffer information report"<br><u>Structure</u>: processor and memory (refer 6:4-9). | This claim should be construed under 35 U.S.C. 112, ¶6.<br><u>Function</u>: causing sending of a buffer information report to a system station.<br><u>Structure</u>: none disclosed.<br><br>The claim is indefinite. |
| 6, 13 | "means for causing sending of an indication to the system station" (Claim 6) "at least one processor; and at least one memory including computer program code the at least one memory and the computer program code configured to, with the at least one processor, cause the apparatus . . . sending of an indication to the system station" (Claim 13)<br><br>[proposed by Defendant] | These terms are not indefinite. No construction necessary – plain and ordinary meaning.<br>Claim 13 should not be construed under 35 U.S.C. § 112, ¶ 6. To the extent the Court treats the terms in claims 6 and/or 13 as means-plus-function:<br><u>Function</u>: "for causing sending of an indication to the system station"<br><u>Structure</u>: processor and memory (refer 6:4-9). | This claim should be construed under 35 U.S.C. 112, ¶6.<br><u>Function</u>: causing sending of an indication to the system station.<br><u>Structure</u>: none disclosed.<br><br>The claim is indefinite. |

| | | | |
|---|---|---|---|
| 14 | "the at least one memory and the computer program code are further configured to, with the at least one processor, cause the apparatus to perform at least the following: process an indication that the buffer size of the node for relaying is extended from that of the user equipment and information of the size of the extension" (Claim 14) [proposed by Defendant] | Plain and ordinary meaning: This claim should not be construed under 35 U.S.C. § 112, ¶ 6, nor is it indefinite. If the Court deems a construction is necessary: "the at least one memory and the computer program code are further configured to, with the at least one processor, cause the apparatus to perform at least the following: process a signal signifying that the buffer size of the intermediate node is extended from that of the user equipment and information of the size of the extension" | This claim should be construed under 35 U.S.C. 112, ¶6. Function: indefinite. Structure: indefinite. Alternatively: Function: processing an indication that the buffer size of the node for relaying is extended from that of the user equipment and information of the size of the extension. Structure: none disclosed. In either instance, the claim is indefinite. |

**U.S. Patent No. 7,477,876**

| Claim(s) | Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
|---|---|---|---|
| 1 | "varying a rate for reporting channel quality information from a mobile station to a base station as a function of the presence or absence of a reception of a data transmission at the mobile station" [proposed by Defendant] | Plain and ordinary meaning, which is: varying a rate for reporting information about the status of the communication channel from a mobile station to a base station as a function of the presence or absence of a reception of a data transmission at the mobile station | varying a rate for reporting channel quality information from a mobile station to a base station using only the mobile station's detection of the presence or absence of an actual data transmission from the base station as the trigger for varying the rate, and not varying the rate based on the content of the data transmission or any other message or signal instructing such action. |

B. **"Group 2" Patents (C.A. Nos. 6:20-cv-00957, -00958)**

| U.S. Patent No. 8,712,708 |
|---|---|---|---|
| Claim(s) | Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
| 1, 14, 15 | "detect[ing] […] an availability of a charger adapter"<br><br>[proposed by Defendant] | Plain and ordinary meaning;<br>or, if the Court deems a construction is necessary: "detect[ing] […] a presence of a charger adapter" | "detecting energy, e.g., voltage and/or current, for charging from an adapter" |

| U.S. Patent No. 9,231,746 |
|---|---|---|---|
| Claim(s) | Claim Term | Plaintiff's Proposed Construction | Defendant's Proposed Construction |
| 1, 11 | "an importance of parts of channel information for the link adaptation"<br><br>[proposed by Defendant] | Plain and ordinary meaning;<br>or, if the Court deems a construction is necessary: "a priority of parts of channel information for the link adaptation" | Indefinite. |
| 2 | "a lower importance with respect to link adaptation than said at least one part"<br><br>[proposed by Defendant] | Plain and ordinary meaning;<br>or, if the Court deems a construction is necessary: "a lower priority with respect to link adaption than said at least one part" | Indefinite |
| 1, 2, 3, 11 | "a coding level of said multi-level coding"/"coding level"<br><br>[proposed by Defendant] | Plain and ordinary meaning;<br>or, if the Court deems a construction is necessary: "a coding level of said multi-level coding" / "coding level" | "a distinct detection probability level" |

| | |
|---|---|
| October 15, 2021 | By: */s/ Jonathan K. Waldrop* <br> Jonathan K. Waldrop (CA Bar No. 297903) <br> (Admitted in this District) <br> jwaldrop@kasowitz.com <br> Darcy L. Jones (CA Bar No. 309474) <br> (Admitted in this District) <br> djones@kasowitz.com <br> Marcus A. Barber (CA Bar No. 307361) <br> (Admitted in this District) <br> mbarber@kasowitz.com <br> John W. Downing (CA Bar No. 252850) <br> (Admitted in this District) <br> jdowning@kasowitz.com <br> Heather S. Kim (CA Bar No. 277686) <br> (Admitted in this District) <br> hkim@kasowitz.com <br> Jack Shaw (CA Bar No. 309382) <br> (Admitted in this District) <br> jshaw@kasowitz.com <br> **KASOWITZ BENSON TORRES LLP** 333 Twin Dolphin Drive, Suite 200 <br> Redwood Shores, California 94065 <br> Telephone: (650) 453-5170 <br> Facsimile: (650) 453-5171 <br> Mark D. Siegmund (TX Bar No. 24117055) <br> mark@waltfairpllc.com <br> **LAW FIRM OF WALT FAIR, PLLC** <br> 1508 N. Valley Mills Drive <br> Waco, TX 76710 <br> Telephone: (254) 772-6400 <br> Facsimile: (254) 772-6432 <br> <br> **ATTORNEYS FOR PLAINTIFF WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT** |

*/s/   Michael J. Lyons*
Michael J. Lyons*
California Bar No. 202284
michael.lyons@morganlewis.com
Ahren C. Hsu-Hoffman
Texas Bar No. 24053269
Ahren.hsu-hoffman@morganlewis.com
Jacob J.O. Minne*
California Bar No. 294570
jacob.minne@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1400 Page Mill Road
Palo Alto, CA 94304
T: 650.843.4000
F: 650.843.4001

Elizabeth M. Chiaviello
Texas Bar. No. 24088913
elizabeth.chiaviello@morganlewis.com
**MORGAN, LEWIS & BOCKIUS LLP**
1717 Main Street, Suite 3200
Dallas, TX 75201
T: 214.466.4000
F: 214.466.4001

*Admitted *pro hac vice*

*Attorneys for Defendant OnePlus Technology (Shenzhen) Co. Ltd.*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on October 15, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Jonathan K. Waldrop*
**Jonathan K. Waldrop**
