IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS LLC,<br>*Plaintiff* | § § § | |
| -vs- | § § § | W-20-CV-00952-ADA<br>W-20-CV-00953-ADA<br>W-20-CV-00956-ADA |
| ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD.,<br>*Defendant* | § § § § | W-20-CV-00957-ADA<br>W-20-CV-00958-ADA |

## ORDER ON DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S AMENDED INFRINGEMENT CONTENTIONS

Before the Court is Defendant OnePlus Technology (Shenzhen) Co., Ltd.'s ("OnePlus") Motion to Strike Plaintiff's Amended Infringement Contentions in each of the above-captioned cases. *See* -952, ECF No. 62; -953, ECF No. 60; -956, ECF No. 61; -957, ECF No. 61; -958, ECF No. 60 [collectively, hereinafter Motion to Strike]. The Court also held a hearing on January 11, 2022. After review of the briefing and oral arguments at the hearing, the Court ORDERS as follows.

### I.   BACKGROUND

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU") served initial infringement contentions for each of the pending cases on May 18, 2021. WSOU provided an infringement chart for one accused product in each case, thereafter listing numerous other uncharted products. WSOU argues that the single charted product is representative of the other listed products. OnePlus disagrees.

On June 10, 2021, OnePlus requested a discovery hearing to address WSOU's allegedly deficient contentions. This Court held a hearing on September 23 and ordered the parties to meet

1

and confer regarding the infringement contentions and report back should any disputes remain.

On October 12, OnePlus again notified the Court that the parties were at an impasse regarding WSOU's infringement contentions. In its dispute chart, OnePlus indicated that it sought relief such that the Court would "[o]rder Plaintiff to serve amended infringement contentions addressing all of the deficiencies identified by OnePlus within two weeks, or withdraw any deficient contentions." In response, WSOU stated that "[it] is diligently conferring with its experts to provide amended infringement contentions and will provide updated contentions within two weeks." After review of the parties' joint discovery dispute chart, the Court found that no hearing was necessary as the dispute would likely be resolved in two weeks. However, the Court invited the parties to submit a motion should WSOU's later response be found insufficient. Clearly, WSOU's amended infringement contentions left OnePlus dissatisfied as it promptly filed this Motion to Strike. In short, OnePlus requests this Court strike WSOU's uncharted products, indirect infringement allegations, and doctrine of equivalents allegations with prejudice. Motion to Strike, at 17. WSOU contends that OnePlus's Motion to Strike should be denied in its entirety. Response at 7.[1]

## II.    LEGAL STANDARD

This Court's *Standing Order Governing Proceedings—Patent Cases* requires the "[p]laintiff [to] serve preliminary infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found." OGP Version 3.5 (October 8, 2021; since updated to Version 3.5.1 on November 17, 2021, with no material changes to the issues at hand); -952, ECF No. 48; -953, ECF No. 46; -956, ECF No. 47; -957, ECF No. 47; -958, ECF No. 46.

---

[1] *See* -952, ECF No. 67; -953, ECF No. 65; -956, ECF No. 66; -957, ECF No. 66; -958, ECF No. 65 [collectively, hereinafter Response].

"Deciding whether infringement contentions should be struck is similar to deciding whether evidence should be excluded for discovery violations." *Comput. Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. Aug. 24, 2007). "The tests for determining whether to allow a party to supplement infringement contentions and for determining whether to strike infringement contentions are essentially the same." *Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, No. 6:07-CV-559, 2009 WL 81874, at *3 (E.D. Tex. Jan. 12, 2009). Courts consider "(1) the reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding and the availability of lesser sanctions; (3) the danger of unfair prejudice; and (4) the availability of a continuance and the potential impact of a delay on judicial proceedings." *Id.* Furthermore, courts consider "[w]hether the offending party was diligent in seeking an extension of time, or in supplementing contentions, after an alleged need to disclose the new matter became apparent." *Comput. Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d at 822. Of important note, the infringement contentions currently in dispute are *preliminary* infringement contentions.

### III.   ANALYSIS

#### A.   Motion to Strike

##### 1.   *The -952, -953, -956, and -958 Cases*

For the -952, -953, -956, and -958 cases, WSOU relies on cellular standards from the Third Generation Partnership Project ("3GPP") related to 5G and/or 4G technology. *See* -952, ECF No. 62-12 at 2 ("OnePlus mobiles that support 4G (like OnePlus 8, 8 Pro, Nord, 9, 9 Pro)); -953, ECF No. 60-13 at 2 ("OnePlus handsets (including but not limited to OnePlus 7 Pro, 7T, 8, 8 Pro, 8T, 9, 5G, 9 Pro 5G, Nord N10 5G, and Nord N100 that support LTE/LTE-A)"); -956, ECF No. 61-14 at 2 ("OnePlus 8 Series Phones (i.e., OnePlus 8 Pro and OnePlus 8) implementing 5G

capabilities"); -958, ECF No. 60-16 at 2 ("OnePlus 8 Series Phones (i.e., OnePlus 8 Pro and OnePlus 8) implementing 5G capabilities.").

For each case, WSOU charts one product, and then lists several other accused products while simply highlighting "LTE," "LTE-A," or "CPU: Qualcomm® Snapdragon$^{TM}$ 865 5G Chipset: X55." OnePlus argues that these lists do not explain why one single charted product is representative of the others, particularly when WSOU has yet to disclose whether the patents are standard essential. WSOU counters it is under no obligation to admit or confirm that the patents-in-suit are standard essential, and that such an issue is reserved for the expert reports.

The Court agrees that the lists of uncharted products are not specific enough, particularly given WSOU's unwillingness to confirm or deny that the asserted patents are standard essential. If the patents are not standard essential, WSOU must either chart each product, or provide analysis indicating why the highlighted information (for example, "LTE") is indeed representative. While WSOU indicates that the highlighted information is sufficiently representative, OnePlus has articulated reasons for why some products may apply, while others may not. Motion to Strike, at 7–11. Accordingly, in an effort to provide fair notice and fulsome, albeit repetitive responses in WSOU's eyes, WSOU must more fully explain why the charted product is representative of each individual uncharted product or chart each product individually.

Moreover, WSOU must confirm whether the asserted patents are standard essential. The Court is not persuaded that this is an issue reserved for the experts. Instead, this is an infringement theory that OnePlus is entitled to know.

### 2. The -957 Case

For the -957 case, WSOU accuses at least six different products, and provides one single infringement chart for the OnePlus 8. Unlike the other four cases, WSOU does not indicate or imply that this patent is standard essential. WSOU's lone charted product, the OnePlus 8, contains

4

a different charging scheme from some of the uncharted accused products (i.e., wired versus wireless charging) and uses a different operating system from certain uncharted products. WSOU must either explain why such changes are irrelevant for each uncharted product in relation to the allegedly representative charted product, or chart each product individually.

### 3. All Cases

The Court does not find that WSOU's alleged delay in supplementing its contentions has caused unfair prejudice. Again, these are *preliminary* infringement contentions. WSOU supplemented its contentions in response to OnePlus's deficiency claims. Of course, OnePlus disputes the sufficiency of the supplemented contentions, but WSOU's diligence in responding to OnePlus's complaints factors against striking WSOU's *preliminary* infringement contentions. Additionally, the parties continue to have several discovery disputes that, according to WSOU, prevent it from providing more complete contentions. Accordingly, the Court denies OnePlus's motion to strike WSOU's infringement contentions.

However, denial of the Motion to Strike should not be perceived as an acceptance of WSOU's current preliminary infringement contentions. As notified in the hearing, and described in this order, WSOU must amend its infringement contentions in greater detail. WSOU must provide sufficient notice to OnePlus for each of the accused products, either with individual charts or with detailed descriptions of how each product is represented by the single charted product. WSOU must also confirm or deny that it is asserting the patents as standard essential.

Normally, the Court would grant a party leave to amend its preliminary infringement contentions. However, the circumstances of the present case create an interesting issue of timing. In the instant motion, OnePlus requests the Court strike WSOU's *preliminary* infringement contentions, yet WSOU's *final* infringement contentions are due January 28, 2022. It seems rather odd to grant leave to amend preliminary contentions on the eve of the deadline for final

infringement contentions. Therefore, instead of granting leave to amend its preliminary contentions, WSOU must provide final infringement contentions that comply with this order. If WSOU's final infringement contentions are deficient, OnePlus may again file a motion to strike. And, absent extraordinary circumstances, WSOU will not be given leave to amend its final infringement contentions.

### B.     Indirect Infringement and Doctrine of Equivalents

While the Court agrees with OnePlus's characterizations regarding the asserted indirect infringement and doctrine of equivalents claims, the Court denies OnePlus's request to strike without prejudice. OnePlus may file another motion to strike after WSOU provides its final infringement contentions.

### IV.     CONCLUSION

IT IS THEREFORE ORDERED that Defendant OnePlus's Motion to Strike is DENIED WITHOUT PREJUDICE.

SIGNED this 18th day of January, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE